UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 5:03 CR 64-001** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Tommy W. Higgins, Jr.,** | ) | <u>**Order**</u> |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon defendant's Motion to Adjoin and Correct Sentence (Doc. 25). For the following reasons, the Motion is DENIED.

On August 22, 2003, this Court sentenced defendant on two counts to a term of 50 months to run concurrently. Defendant was to surrender to the United States Marshal or a designated institution by 12:00 p.m. on October 3, 2003. Defendant asserts that he was held in the Summit County Jail from September 26, 2003 to February 6, 2004, a total of 133 days. On February 4, 2004, defendant was sentenced in the Summit County Court of Common Pleas for a term of one year. The sentence was ordered to be served concurrently with the sentence imposed

1

in the federal case before this Court.  Following issuance of a federal detainer by this Court, it was ordered on March 4, 2005 that defendant was to begin serving his federal sentence.

Defendant now seeks to correct his sentence in the case before this Court asking that his federal sentence be "credited" for the one year state court sentence and the 133 days served in the Summit County Jail.

For the following reasons, this Court lacks jurisdiction to determine this matter.

Defendant argues that time served in the Summit County Jail subsequent to the sentence imposed by this Court, and prior to commencement of his federal sentence, should be credited toward his federal sentence.  Defendant also asserts that his one year state court sentence should be similarly credited.  In such a situation, this Court construes defendant's motion as a habeas petition filed under 28 U.S.C. § 2241.  *Ores v. Warden, FCI Texarkana,* 1995 WL 113825 (6th Cir. March 16, 1995) ("The district court properly construed [petitioner's] motion as a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 as he sought to attack the execution of his sentence by challenging the computation of his sentencing credit.")

The Sixth Circuit has recognized that "it is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241." *Wesley v. Lamanna,* 27 Fed. Appx. 438 (6th Cir. 2001) (citations omitted).  Exhaustion must occur prior to the petition being filed and failure to do so will result in dismissal.  *Id.*  Defendant herein has not demonstrated that he has exhausted his administrative remedies.  18 U.S.C. § 3585 provides:

**§ 3585. Calculation of a term of imprisonment**

(a) Commencement of sentence.--A sentence to a term of imprisonment commences on

2

> the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

However, "Although a defendant is entitled to sentencing credit toward 'the service of imprisonment for any time he has spent in official detention prior to the date the sentence commences,' 18 U.S.C. § 3585(b), it is the Attorney General, through the Bureau of Prisons [BOP], and not the district court that is authorized pursuant to § 3585(b) to grant a defendant credit for time served prior to sentencing." *Paz-Zamudia v. U.S.*, 1998 WL 773995 (6th Cir. October 15,1998) (citing *United States v. Wilson*, 503 U.S. 329, 335 and *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996) ). "Only after a prisoner seeks administrative review of the computation of this credit, *see* 28 C.F.R. §§ 542.10-542.16 (1997), and has exhausted administrative remedies, may he then seek judicial review pursuant to 28 U.S.C. § 2241." *Id. See also Johnson v. United States of America,* 2005 WL 1123588 (N.D. Ohio April 13, 2005) (citing the same), *United States v. Singh,* 52 Fed. Appx. 711 (6th Cir. 2002) ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit.  A district court may review the BOP's calculation, but may not compute sentencing credit in the first instance, for it is the Attorney General, not the court, who has the authority to calculate sentence credits for time served before sentencing.") and *United*

*States v. Jenkins,* 4 Fed. Appx. 241 (6th Cir. 2001) (The district court properly denied prisoner's motion requesting credit for time served in state prison because he did not exhaust his administrative remedies before filing his request for habeas relief.)

For the foregoing reasons, defendant's Motion to Adjoin and Correct Sentence is denied for failure to exhaust administrative remedies.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/25/05